899 F.2d 1228
 15 U.S.P.Q.2d 1745
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KENNECOTT CORPORATION, Petitioner,
v.
KYOCERA INTERNATIONAL, INC., and Kyoto Ceramic Co., Ltd., Respondent.
 Misc. No. 252.
 United States Court of Appeals, Federal Circuit.
 March 19, 1990.
 
 Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and BISSELL*, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Kennecott Corporation (Kennecott) petitions this court to accept jurisdiction upon transfer from the Ninth Circuit of the United States District Court for the Southern District of California's certified interlocutory order, Kennecott Corp. v. Kyocera Int'l, Inc., 80-0516 R(M) (Dec. 1, 1988), denying Kennecott's motion to disqualify the attorneys for Kyocera International, Inc. and Kyoto Ceramic Co., Ltd. (collectively "Kyocera"). We accept jurisdiction and affirm the denial of Kennecott's motion.
 
 OPINION
 I. Jurisdiction
 
 2
 In transferring the case to this court, the Ninth Circuit properly recognized the Federal Circuit's exclusive appellate jurisdiction under 28 U.S.C. Sec. 1295(a) (1982) over a final judgment on the merits and rebuked Kennecott's contention that the Federal Circuit would not review the order by citing recent cases in which the Federal Circuit had reviewed orders granting and orders denying a motion to disqualify counsel. The decision to transfer was not only plausible, but correct. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 819, 7 USPQ2d 1109, 1117 (1988) (directing that "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end").
 
 
 3
 Because Kennecott's petition for mandamus to the Ninth Circuit was filed within 10 days from the entry of the order and the district court certified that the order involved a controlling question of law and that an immediate appeal would materially advance the ultimate termination of the litigation, we may treat Kennecott's petition as an appeal under section 1292(c)(1) (Supp. III 1985). Cf. Sun Studs, Inc. v. Applied Theory Assocs., Inc., 772 F.2d 1557, 1566, 227 USPQ 81, 87 (Fed.Cir.1985) (accepting an appeal under section 1292(c)(1) over an order granting cross-motions to disqualify both parties' counsel). The Ninth Circuit considers a challenge to the denial of a disqualification motion under the mandamus statute and not under either section 1291 or 1292(b). See Unified Sewerage Agency, Etc. v. Jelco Inc., 646 F.2d 1339, 1344 (9th Cir.1981). Nonetheless, we have accepted jurisdiction over such certified denials in cases where we would have jurisdiction under section 1295. See, e.g., Telectronics Proprietary, Ltd. v. Medtronic, Inc., 836 F.2d 1332, 1335, 5 USPQ2d 1424, 1427 (Fed.Cir.1988).
 
 II. Disqualification
 
 4
 Under the Ninth Circuit law applicable here, see Atasi Corp. v. Seagate Technology, 847 F.2d 826, 829, 6 USPQ2d 1955, 1956 (Fed.Cir.1988), Kyocera cannot seriously contend that Guttman's prior representation of Kennecott and Mohr's participation as law clerk to the initial district court judge assigned to this case are not "substantially related" to the current litigation. Cf. Trone v. Smith, 621 F.2d 994, 998, 999 (9th Cir.1980) (explaining that "[i]f there is a reasonable probability that confidences were disclosed which could be used against the client in later, adverse representation, a substantial relation between the two cases is presumed" without showing that actual confidences were disclosed). Accordingly, both Guttman and Mohr are personally disqualified from representing Kyocera, Atasi, 847 F.2d at 829, 6 USPQ2d at 1956 (stating that "[t]he test for disqualification under Ninth Circuit decisions is whether the former representation by the attorney changing sides is 'substantially related' to the current representation") and the entire Spensley, Horn firm is presumably disqualified. See id., 6 USPQ2d at 1956-57.
 
 
 5
 Although the Ninth Circuit has yet to decide the issue, Trone, 621 F.2d at 999 n. 4; Paul E. Iacono Structural Eng'r, Inc. v. Humphrey, 722 F.2d 435, 442 (9th Cir.), cert. denied, 464 U.S. 851 (1983), two district courts within that circuit have recognized that the presumption of shared confidences may be rebutted by evidence showing that confidences have not been shared or that timely-established institutional screening procedures have been implemented. See United States v. Titan Pac. Constr. Corp., 637 F.Supp. 1556, 1564-65 (W.D.Wash.1986); Haagen-Dazs Co. v. Perche Nol Gelato, Inc., 639 F.Supp. 282, 287 (N.D.Cal.1986). In light of the general trend among the circuits to allow such rebuttal, see, e.g., Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 225-26 (6th Cir.1988); Schiessle v. Stephens, 717 F.2d 417, 420-21 (7th Cir.1983); Cox v. American Cast Iron Pipe Co., 847 F.2d 725, 732 (11th Cir.1988), and the Ninth Circuit's citation to an article describing the "elements of a 'Chinese wall,' " Humphrey, 435 F.2d at 442, we conclude that the Ninth Circuit, if faced with the question, would, in a proper case, allow the presumption to be rebutted.
 
 
 6
 With respect to both attorneys, the law firm implemented specific mechanisms to prevent them from sharing any confidences with other lawyers at the firm. For example, upon learning of Guttman's prior representation, the firm immediately notified the other lawyers working on the case and circulated a firmwide memorandum indicating that a "Chinese Wall" had been established around Guttman. Later, the firm circulated another memorandum and placed locks on the doors of the offices and storage rooms where the documents relating to the case were kept. Before Mohr was hired, both he and the firm clearly understood that he would be shielded from discussions concerning the case. Upon his arrival, all the Kennecott/Kyocera documents were already being stored separately from the firm's main file room. As in the case of Guttman, the firm later circulated a memorandum reminding all personnel of the "Chinese Wall" around Mohr and placed locks on the file storage room containing the Kennecott/Kyocera documents. In light of these and other precautions taken by Spensley, Horn, we cannot say that the district court abused it's discretion in refusing to disqualify the law firm. Cf. W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research Assocs., Inc., 745 F.2d 1463, 1465-66, 223 USPQ 884, 886 (Fed.Cir.1984) (applying the abuse of discretion standard in reviewing a disqualification order of a district court within the Ninth Circuit).
 
 
 
 *
 Circuit Judge Bissell, who died on February 4, 1990, did not participate in the decision